# Wythebille

## THE COUNTY SCHOOL BOARD OF THE COUNTY OF WARREN V. G. TYLER MILLER, CLERK. *

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*John H. Downing* and *Harrison & Harrison,* for the petitioner.

*Walter G. Olmstead,* for the respondent.

HUDGINS, J., delivered the opinion of the court.

The school board of Warren county filed, in this court, its original petition, praying that a writ of mandamus be issued against G. Tyler Miller, clerk of the board, requiring him to sign $30,000 in bonds, as legal obligations of Warren county. To this petition the clerk filed an answer stating that he had refused to sign the bonds because he was advised that the ballot used in submitting to the voters the question whether or not the county should incur the debt, was not printed as required by statute, and that the judge of the Circuit Court of Warren county had not made his approval of the bond issue a matter of record.

It appears that at a meeting of the Warren county school board, held on November 18, 1933, a resolution reading in part as follows was duly adopted:

"Whereas, the overcrowded conditions existing in the elementary grades of the Warren county high school, caused largely by the growth of the town of Front Royal, make it necessary that additional housing space be provided to take care of the pupils enrolled, and whereas, material increase in the school population of the town is anticipated on account of the growth of the town as a result of opening the Shenandoah National Park and from development along industrial lines, and,

"Whereas, it is highly important that a four-room elementary school building be constructed at Riverton, in order that we may develop a consolidation program for Cedarville district and a portion of the Fork district, through which we may realize a more evenly distributed pupil load, provide more effective classroom instruction, and provide accessible high school facilities for pupils of these districts without increasing the educational operating costs for this section of the county, thus giving to these districts educational facilities on the high school level equal to those offered in the other districts of the county, and,

\*     \*     \*     \*     \*     \*     \*     \*

"Be it resolved, by unanimous vote of the Warren county school board, all members being present, that the Circuit Court of Warren county be requested to enter the necessary order directing that a special election be held for the purpose of determining the attitude of the qualified voters of said county relative to the contracting of said debt for said projects in accordance with the provisions of this resolution, and that this election be held in conjunction with that requested by the board of supervisors of Warren county, so that one election expense may take care of both situations."

On December 6, 1933, these resolutions were duly presented to the circuit court, on which there was entered an order in part reading: "And, it appearing to the court that the said resolution was adopted and is presented to the court pursuant to the provisions of sections six hundred, seventy-three (673), twenty-seven hundred, thirty-eight (2738), twenty-seven hundred, thirty-nine (2739), twenty-seven hundred, forty (2740), and twenty-seven hundred, forty-one (2741), of the Code of Virginia, and that the said resolution is in proper form; * * *."

Following this recital the order commanded the proper officials to hold a special election on January 8, 1934, and "at such election each qualified voter who shall approve the contracting of the debt, borrowing the money and issuing the bonds for such project shall deposit a ticket or ballot on which shall be written or printed the words, 'For the School Project'; and each qualified voter who shall disapprove contracting the debt, borrowing the money and issuing the bonds for such project shall deposit a ticket or ballot on which shall be written or printed the words, 'Against the School Project.' "

The printed ballots read:

"OFFICIAL BALLOT
FOR
WARREN COUNTY, VIRGINIA
SPECIAL ELECTION
JANUARY 8, 1934.

FOR THE SCHOOL PROJECT
AGAINST THE SCHOOL PROJECT."

■ The county school board contend that the wording of the above ballot is a substantial compliance with the provisions of Code, section 2739. With this contention we cannot agree. This section provides in plain terms that at such an election there shall be used "a ticket or ballot on which shall be written or printed the words 'For bond issue' and 'Against bond issue.'" It seems to be immaterial whether the authorized words are printed on the same or separate tickets. In either case the words authorized convey to the elector in clear, unmistakable terms, the fact that he is required to vote for or against a bonded debt. The words "school project" and "bond issue" are not synonymous terms. An elector might be in favor of a "school project," but not to the extent that he would be willing to mortgage the future revenues of the county therefor. "For bond issue" conveys but one meaning, namely, that a debt is to be incurred. The language of the statute is mandatory and before a valid bonded debt may be incurred strict compliance with its provisions is essential.

■ On the question of the approval of the judge of the circuit court we repeat here what we said in *Sanders* v. *County School Board of Prince William County*, 158 Va. 303, 163 S. E. 394, 396:

"The sections mentioned (2738, 2739, 2740 and 2741 of the Code) prescribe the conditions required to be fulfilled before the counties may borrow money for the purpose of erecting a courthouse, jail, etc. Securing a loan by bond issue for the erection of schoolhouses is now made to conform to the same conditions and procedure. The pertinent part of section 2738 is:

" 'Whenever it shall be necessary for a county to erect a courthouse, clerk's office or jail, or poorhouses, or to repair or enlarge the same, it shall be lawful for the board of supervisors of such county to contract a loan for said purpose on the credit of the county; provided, *that the power shall not exist,* and the loan shall not be contracted for, *unless* and *until* the action of the board of supervisors *shall* be certified to the *judge* of the circuit court of the said county, *approved by him* and also approved by the qualified voters of said county at an election held for that purpose, as hereinafter provided.

" "The said *approval* of the *judge* of the circuit court *shall be entered,* together with the certificate of the action of the said board, on the records of the circuit court.

" '*If* the *judge* of the circuit court *approve the proposed loan and bond issue,* his *approval shall be entered* upon the records of the circuit court * * *.' (Italics supplied.)

"The emphasis placed on the approval of the judge by the wording of the section clearly reveals the intention of the legislature to impose upon him the imperative duty to ascertain for himself the necessity for the issuance of such bonds before ordering an election."

A *nunc pro tunc* order entered after the question has been submitted to the qualified voters does not comply with the provisions of the statute.

It is further contended that the defect in the calling of the election is cured by chapter 63, Acts 1934, page 55. The order in this case shows that the election was a county election and not an election held "in any school district." The act, in express terms, validates only elections held in a school district and has no bearing on the issues here presented.

For the reasons stated, the prayer for a writ of mandamus is denied.

*Mandamus denied.*